An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

SFR INVESTMENTS POOL 1, LLC, A
NEVADA LIMITED LIABILITY
COMPANY,
Appellant,
vs.
WELLS FARGO BANK, N.A., A
NATIONAL ASSOCIATION,
Respondent.

No. 63579

**FILED**

NOV 2 4 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

SFR INVESTMENTS POOL 1, LLC, A
NEVADA LIMITED LIABILITY
COMPANY,
Appellant,
vs.
WELLS FARGO BANK, N.A., A
NATIONAL ASSOCIATION,
Respondent.

No. 64500

## ORDER VACATING, REVERSING, AND REMANDING

These are consolidated appeals from district court orders denying a preliminary injunction and granting a motion to dismiss in a quiet title action. Eighth Judicial District Court, Clark County; Kathleen E. Delaney, Judge.

The district court denied SFR Investments' motion for a preliminary injunction, finding that SFR Investments was not likely to succeed on the merits because "the language in N.R.S. 116.3116(2)[ ] does not extinguish a first, position Deed of Trust." The district court granted Wells Fargo's motion to dismiss for the same reason. This court's recent disposition in *SFR Investments Pool 1, LLC v. U.S. Bank, N.A.*, 130 Nev. ___, 334 P.3d 408 (2014), decides that a common-interest community association's NRS 116.3116(2) superpriority lien has true priority over a first security interest, and the association may nonjudicially foreclose on

14-38658

that lien. The district court's decisions thus were based on an erroneous interpretation of the controlling law and did not reach the other issues colorably asserted. Accordingly, we

VACATE the order denying preliminary injunctive relief, REVERSE the order granting the motion to dismiss, AND REMAND this matter to the district court for further proceedings consistent with this order.

_____, J.
Hardesty

_____, J.
Douglas

CHERRY, J., concurring:

For the reasons stated in the *SFR Investments Pool 1, LLC v. U.S. Bank, N.A.*, 130 Nev. ___, 334 P.3d 408 (2014), dissent, I disagree that respondent lost its lien priority by virtue of the homeowners association's nonjudicial foreclosure sale. I recognize, however, that *SFR Investments* is now the controlling law and, thusly, concur in the disposition of these appeals.

_____, J.
Cherry

cc:  Hon. Kathleen E. Delaney, District Judge
     David A. Rosenberg
     Howard Kim & Associates
     Wright, Finlay & Zak, LLP/Las Vegas
     Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A